JOURNAL ENTRY AND OPINION
Defendant/third-party plaintiff-appellant Kwait[1] appeals from the trial court granting third-party defendant-appellee Block and Block, Inc.'s motion to disqualify counsel.
On appeal, appellant argues that the trial court erred in the following: 1) granting the third-party defendant's motion to disqualify counsel, 2) granting this motion without holding a hearing, 3) denying defendant's motion to reconsider this order, and, 4) denying defendant's motion for reconsideration without holding a hearing. Finding no merit to these assignments of error, we affirm the decision of the trial court.
 FACTS
Defendant Kwait and third-party defendant Block are dentists who practiced together in the corporation of Block, D.M.D., Inc. The law firm of Persky, Shapiro, Salim, Esper, Arnoff Nolfi (PSSEAN) drafted the articles of incorporation for Block, D.M.D., Inc. Partner Shapiro of this firm was an officer of Block, D.M.D., Inc. and its statutory agent. Included in these articles of incorporation is a clause indemnifying certain employees in the c event of a lawsuit. Block alleges that this clause was drafted at the request of and for the protection of Kwait.
In the underlying suit, Kim Harsh, a former employee of Block, D.M.D., Inc., sued Kwait for sexual harassment. Kwait in turn filed a third-party suit against Block individually. She also filed against Block, D.M.D., Inc. for indemnification in this suit because it arose from his employment.
Block argues that Kwait's representation by PSSEAN in this case presents a conflict of interest because PSSEAN drafted the articles of incorporation which Kwait seeks to enforce. Block alleges that in the course of its representation of the corporation PSSEAN learned certain confidential information, which should preclude it from representing Kwait in this action. Additionally, PSSEAN drew up an estate plan for Block personally. Block alleges that because this representation of him and his corporation provided them with access to confidential information, he is precluded from representing Kwait in this action.
In response, Kwait claims that PSSEAN's representation of Block, D.M.D., Inc. and Robert Block terminated long before this case was instituted. Attorney Shapiro, a partner in PSSEAN, had resigned as secretary on June 30, 1990, although he was still serving as statutory agent for Block D.M.D., Inc. as late as April 1999.
For his first assignment of error, appellant states:
 THE TRIAL COURT ERRED IN GRANTING THE THIRD PARTY DEFENDANTS' MOTION TO DISQUALIFY COUNSEL.
This court recently addressed the issue of disqualification of counsel for a conflict of interest in Majestic Steel Service, Inc. v. Micah Disabato, (Nov. 2, 1999) Cuyahoga App. No. 766540, unreported. As we noted in Majestic Steel,
 a trial court's determination will not be reversed upon appeal absent an abuse of discretion. Phillips v. Haidet (1997), 119 Ohio App.3d 322, 324; Centimark Corp. v. Brown Sprinkler Serv. (1993), Ohio App.3d 485, 487. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Id. at 4.
On the other hand, we also noted that disqualification of an attorney `is a drastic measure which should not be imposed unless absolutely necessary.' Spivey v. Bender (1991), 77 Ohio App.3d 17, 22.
In Kala v. Aluminum Smelting Refining Company, (1998), 81 Ohio St.3d 1, the Ohio Supreme Court adopted the three-part test outlined in Dana Corporation v. Blue Cross Blue Shield of Northern Ohio (C.A.6, 1990),900 F.2d 882, 889, for ruling on motions to disqualify counsel. To determine whether counsel should be disqualified from representing a client in an action against a former client, the court should use the following three-part analysis:
 (1) Is there a substantial relationship between the matter at issue and the matter of the firm's prior representation;
 (2) If there is a substantial relationship between these matters, is the presumption of shared confidences within the former firm rebutted by evidence that the attorney had no personal contact with or knowledge of the related matter; and
 (3) If the attorney did have personal contact with or knowledge of the related matter, did the law firm erect adequate and timely screens to rebut a presumption of shared confidences with the new firm so as to avoid imputed disqualification?
Kala, syllabus.
Recently in Majestic Steel this court explained the first of these criteria: matters are substantially related if there is some `commonality of issues' or a `clear connection' between the subject matter of the former representation and that of the subsequent representation. Haidet119 Ohio App.3d at 327. Majestic Steel at 6.
In the instant case, the law firm of PSSEAN represents Kwait in an employment action brought against him as an employee of Block, D.M.D., Inc. Claiming indemnification under the articles of incorporationdrafted by PSSEAN, Kwait has sued Block individually and also Block, D.M.D., Inc. as third-party defendants. There is a `clear connection' between the articles of incorporation PSSEAN drafted for Block, D.M.D., Inc., and the subsequent representation of Kwait. In representing Kwait in his case against Block, PSSEAN is using the very articles it drafted for Block. The representations are therefore substantially related.
The second criterion to consider under the Kala analysis is whether the party opposing the motion to disqualify has rebutted the presumption of shared confidences within the former firm by evidence that the attorney had no personal contact with or knowledge of the related matter * * *. Kala, syllabus. The moving party bears no burden of proof regarding these presumed confidences. As a matter of law, the disclosure of confidences to one's attorney can be presumed and need not be proven by the moving party. Brant v. Vitreo-Retinal Consultants (Apr. 3, 2000), Cuyahoga App. No. 1999CA00283, unreported, 2000 Ohio App. LEXIS 1494, at *7, quoting Cleveland v. Cleveland Elec. Illum. Co. (N.D.Ohio. 1976), 440 F. Supp. 193
at 209. Thus the burden of proof is on the party objecting to the disqualification to establish an absence of shared confidences between the counsel and his former client.
PSSEAN offers no evidence in any of its briefs or pleadings that Attorney Posner had had no personal contact with or related knowledge of the representation of Block's corporation which would preclude it from representing Kwait. In his brief, Kwait attempts to shift the burden of proof onto Block when he states that Block presented no [evidence of the] * * * existence of a confidence or secret shared between Block and [PSSEAN] that could in any way work to Block's disadvantage. (Appellant's brief at 5.) Under the Kala analysis, however, such confidences are presumed; the burden of rebutting this presumption rests on Kwait. By failing to present any evidence that Posner did not have contact with Block's case, Kwait has failed to establish the second step of the analysis required to rebut a presumption of a conflict of interest when the attorney has formerly represented the opposing side.
The third step of the analysis requires showing that if the attorney had had personal contact with the case or knowledge of the matter, the law firm erected an adequate and timely screen so as to rebut a presumption of shared confidences * * *. Kala, syllabus. Kwait fails to provide evidence to rebut the presumption of shared confidences regarding the firm's representation of Block; Kwait also fails to provide any evidence of a screen or Chinese wall to prevent the sharing of any confidential information. Kwait has failed to prove, therefore, the third step of the analysis needed to rebut the presumption of the conflict of interest raised in Block's motion to disqualify counsel.
Thus there was no abuse of discretion on the part of the trial court in disqualifying the law firm of PSSEAN for conflict of interest in its representation of Kwait in his third-party complaint against Block, D.M.D., Inc.
Appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISQUALIFY COUNSEL WITHOUT HOLDING A HEARING.
Appellant bases this assignment of error on Kala v. Aluminum Steel (1998), 81 Ohio St.3d 1, 13, in which the court held that in ruling on a motion for disqualification of either an individual * * * or the entire firm * * * when an attorney has left a law firm and joined a firm representing the opposing party, a court must hold an evidentiary hearing and issue findings of fact using [the] three-part analysis [found in Dana v. Blue Cross].
Kala presents different facts from the case at bar, however. In the instant case, the attorney did not move from one law firm to another. Rather, the law firm itself now represents a party adverse to its former client. The situation is more akin to that in Majestic Steel than that in Kala. As this court in Majestic Steel explained,
 [a]ppellant argues that although Kala was clearly intended to apply to `side-switching' cases, and the three-part test announced therein is specific to such cases, the opinion represents a modification of the three-part test announced in Dana regarding consideration of a motion for disqualification and should be applied, by implication, to require a hearing on all motions to disqualify. We see no reason to adopt this reasoning.
 There is nothing in Kala to suggest that an evidentiary hearing is necessary on all motions to disqualify counsel.
Id. at 11. Nor has PSSEAN shown why an evidentiary hearing is necessary here.
Thus the trial court did not abuse its discretion by not holding a hearing on third-party defendants' motion to disqualify counsel. Appellant's second assignment of error is overruled.
 TIMELINESS
In her brief, appellee Harsh argues that Kwait's brief in opposition to Block's motion to disqualify was not timely filed. Local Rule 11(C) states that [e]ach party opposing [a] motion * * * shall serve and file within seven (7) days thereafter [sic], a brief written statement of reasons in opposition to the motion and a list of citations of authorities which are relied upon. In addition to this seven-day deadline, Ohio Civil Rule 6(E) allows a three-day grace period for mailing. Whenever a party has the right * * * to do some act * * * within a prescribed period after the service of a notice or paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. Civ.R. 6(E). If a party does not file his response to a motion within the prescribed deadline, he must request permission of the court to file his untimely response. Civil Rule 6(B) describes the process for obtaining the court's permission for a late filing.
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *.
Block's motion to disqualify counsel was filed on June 4, 1999. According to Local Rule 11(C), his response was due on June 11, 1999, seven days after the motion was filed. Because the motion was served by mail, Civil Rule 6(E) provides an extra three days for mailing. Thus the response was due on June 14, 1999. The trial court's ruling on the case was journalized on June 16, 1999 as unopposed and granted. Kwait's brief in opposition was served on opposing counsel on June 18, 1999 and was filed with the court on June 21, 1999. No motion for leave to plead out of rule was filed with the response, nor was any reason given in the response for its untimeliness.
On June 22, 1999, when he learned that the court had granted Block's motion to disqualify, Kwait filed a motion to reconsider. In his motion to reconsider, Kwait makes no reference to any excusable neglect causing the untimeliness of his response to the June 4, 1999 motion. The trial court subsequently denied this motion to reconsider.
The trial court has the discretion to allow a party to file a response out of rule upon a showing of excusable neglect. Appellant made no showing of excusable neglect in either of his briefs with the trial court, nor did he provide this court with any reason for the untimeliness of his responses below. The trial court was procedurally correct, therefore, in granting Block's motion to disqualify because of Kwait's failure to comply with Civil Rule 6 and Local Rule 11.
This court having determined that the trial court was not in error in disqualifying defendant's counsel, appellant's third and fourth assignments of error are moot.
It is ordered that appellee(s) recover of appellant(s) their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and LEO M. SPELLACY, J., CONCUR.
 _____________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] The notice of appeal also listed Kwait's counsel Jeffrey Posner and his firm Persky, Shapiro, Salim, Esper, Arnoff Nolfi as appellants. However, no separate brief was filed on behalf of the law firm.